JEFFER, MANGELS, BUTLER & MARMARO LLP
ROBERT C. GEBHARDT  rcg@jmbm.com (Bar No. 48965)
J. T. WELLS BLAXTER  jtb@jmbm.com (Bar No. 190222)
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:  (415) 398-8080
Fax:  (415) 398-5584

JULIA J. RIDER  jjr@jmbm.com (Bar No. 67277)
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone:  (310) 203-8080
Fax:  (310) 203-0567

Attorneys for Defendant
MICHAEL J. STONE

[Appearance of Additional Counsel
Noted on Signature Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALEX D. MOGLIA, as Liquidating Trustee for and on behalf of the Liquidating Trust of debtor U.S. Aggregates, Inc., <br><br> Plaintiff, <br><br> v. <br><br> JAMES A. HARRIS and MICHAEL J. STONE, <br><br> Defendants. | CASE NO. C-04-2663 CW <br><br> **STIPULATION TO PRESERVE CONFIDENTIALITY OF DOCUMENTS** <br><br> **ORDER** |

PRINTED ON RECYCLED PAPER

LA 3357555 v1

DEFENDANTS' NOTICE OF MOTION AND MOTION TO AMEND THE CASE MANAGEMENT ORDER

Plaintiff Alex D. Moglia and Defendants James A. Harris and Michael J. Stone, through their respective counsel of record, stipulate and agree as follows:

1.  In the course of discovery in this case, Defendant Stone served a document subpoena on Florida Rock Corporation ("Florida Rock"), with a return date of April 16, 2005.  Prior to the return date, counsel for Florida Rock Corporation informed counsel for Mr. Stone that compliance with the subpoena would entail the production of documents which Florida Rock and U.S. Aggregates, Inc. had agreed to designate as confidential in the course of their negotiations for the proposed purchase by Florida Rock of certain of U.S. Aggregates' assets.  Although the purchase did not occur, the parties agreed that the confidentiality provisions of the proposed purchase agreement  ("the Agreement") would survive termination of the Agreement.  Counsel for Florida Rock requested that the parties to this action enter into a stipulated protective order, pursuant to which Florida Rock will produce the confidential and other documents requested by the subpoena (subject to privilege objections).

2.  Accordingly, the parties have agreed that this stipulated protective order shall govern documents produced by Florida Rock which Florida Rock has designated as confidential.  All documents designated by Florida Rock as confidential shall be maintained in confidence and not disclosed to any person except as provided herein.

3.  Disclosure of the documents and the information contained therein or testimony designated as confidential shall be restricted to the following persons:

    a.  Counsel of record in this action;

    b.  Office personnel working under counsel's supervision;

    c.  Judges, law clerks and other personnel of the Court before which this action is pending;

    d.  Independent experts or consultants retained in connection with this action; and

    e.  The parties, or employees, former employees, officers, former officers, directors, former directors, or agents of the parties;

        f.     Actual or prospective witnesses, to the extent that such disclosure is reasonably required;

        g.     Persons who participated in the events or communications which are reflected in the documents designated as confidential.

4.     The persons identified in paragraphs 3(e), (f) and (g) who are permitted by the parties or their counsel to have access to confidential information under the terms of this stipulated protective order shall be provided with a copy of this stipulated protective order for review prior to being given such access and shall sign a statement in the form attached hereto as Exhibit "A", indicating that he or she has read the stipulated protective order and agrees to abide by its terms.   Each signed statement shall be retained by counsel for the party who gives that person access to the confidential information.

5.     Persons seeking to file documents with the Court which are classified confidential by Florida Rock shall follow the procedures set forth in Civil Local Rule 79-5 and the Court's procedures for filing documents under seal.

6.     Plaintiff Alex D. Moglia as Liquidating Trustee for and on behalf of the Liquidating Trust of U.S. Aggregates, Inc. hereby agrees that he will not contend that Florida Rock's production of the documents pursuant to this Stipulated Protective Order violates the confidentiality provisions of the Agreement.

7.     Nothing in this stipulated protective order shall be deemed a waiver of any party's right to oppose production of any information or documents in discovery or at trial for any  reason including but not limited to  relevance, materiality or as not calculated to lead to the discovery of admissible evidence.

///

///

///

///

///

8.     Nothing in the foregoing provisions of this stipulated protective order shall

preclude any party from seeking from the Court such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate.

SO STIPULATED.

DATED: May___, 2005        JEFFER, MANGELS, BUTLER & MARMARO LLP
                           ROBERT C. GEBHARDT
                           JULIA J. RIDER
                           J.T. WELLS BLAXTER

                           BY_____
                              JULIA J. RIDER
                           Attorneys for Defendant
                           MICHAEL J. STONE

DATED: May___, 2005        HELLER EHRMAN LLP
                           MICHAEL L. CHARLSON
                           DEBORAH KRAVITZ
                           KERRY KLEIN

                           BY_____
                              DEBORAH KRAVITZ
                           Attorneys for Defendant
                           JAMES A. HARRIS

DATED: May ___, 2005       BERGER & MONTAGUE, P.C.
                           SHERRIE R. SAVETT
                           GARY E. CANTOR
                           ROBIN SWITZENBAUM

                           BY_____
                              ROBIN SWITZENBAUM
                           Attorneys for Plaintiff
                           ALEX D. MOGLIA

**ORDER**

1  Good cause appearing therefor, IT IS SO ORDERED.

2

3  DATED: __May 31__, 2005

4                              /s/ CLAUDIA WILKEN
   _____
5  CLAUDIA WILKEN
   UNITED STATES DISTRICT COURT JUDGE
6

PRINTED ON
RECYCLED PAPER

# **EXHIBIT A**

1. The person who signs this Stipulated Protective Order ("Order") acknowledges that he or she has read and understands this Order and agrees to be bound by the terms and conditions of this Order.

2. The persons who signs this Order acknowledges that he or she understands that unauthorized disclosure of documents or other materials designated as confidential constitutes a violation of an order of this Court.

DATED: _____       _____